AO 106 (Rev. 01/09) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The AT&T Cellular Telephone<br>Assigned Call Number 614-787-9106 | )<br>)<br>) Case No. 2:17mj735<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the __Southern__ District of __Ohio__ *(identify the person or describe property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __846__, and the application is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Robert Kukovec, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Dec 6, 2017

*Judge's signature*

City and state: Columbus, Ohio

Kimberly A. Jolson, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| IN THE MATTER OF THE SEARCH OF THE AT&T CELLULAR TELEPHONE ASSIGNED CALL NUMBER 614-787-9106 | Case No. _____ <br><br> Filed Under Seal |
|---|---|

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, **Robert Kukovec**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 614-787-9106 (the "**Target Cell Phone**"), whose service provider is AT&T, a wireless telephone service provider headquartered in Dallas, Texas. The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). I have been employed as a Special Agent since April 2002 and I am currently assigned to the HSI office in Columbus, Ohio (HSI Columbus). I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I am currently assigned to a multi-jurisdictional narcotics taskforce in Columbus, Ohio, and I am cross-designated to investigate violations of Title 21 of the United States Code. Prior to my employment with HSI (and formally legacy U.S. Customs), I was employed as a police officer in the state of Ohio for approximately 8.5 years. My responsibilities and duties include the investigation and

enforcement of federal laws and regulations related to customs and immigration violations, including but not limited to narcotics, financial crimes, fraud, and violations of the Immigration and Nationality Act.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance) have been committed, are being committed, and will be committed by unknown persons utilizing the **Target Cell Phone**. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses and related crimes.

## PROBABLE CAUSE

5. HSI Columbus and the Delaware County Drug Task Force (DCDTF) in Delaware, Ohio have been investigating a Hispanic Drug Trafficking Organization (DTO) involved in the distribution and trafficking of large quantities of heroin in the central Ohio area. This DTO is also involved in the sale of fraudulent and fictitious identity documents, including resident alien cards, birth certificates, and Social Security cards to illegal aliens. Several members of this DTO have been identified through various means, such as physical surveillance, analysis of phone numbers/tolls, trash pulls, and use of cooperating defendants and confidential sources. HSI Columbus and the DCDTF have also conducted several controlled purchases of heroin from this DTO in the past.

6. On November 9, 2017, HSI Columbus and the DCDTF assisted law enforcement authorities from Wyandotte County, Ohio with the surveillance of several heroin addicts travelling to the Delaware County, Ohio area in a silver 2008 Dodge Caravan (Ohio registration HBJ9663) to purchase heroin. These addicts were targets of investigation in Wyandotte County on an unrelated narcotics investigation and there was a GPS vehicle tracker deployed on the silver Dodge Caravan. Wyandotte County requested that surveillance units attempt to identify who the addicts meet with to purchase the heroin and then attempt to do an interdiction stop on them to seize the heroin and recover the GPS tracker from the vehicle. Surveillance units observed the addicts meet with an unidentified Hispanic male in a silver 2009 Honda Civic (Ohio temporary registration F144578) in the parking lot of an apartment complex at Summerview Apartments in Columbus, Ohio and conduct what appeared to be a narcotics transaction.

7. Surveillance units then followed the silver 2008 Dodge Caravan (Ohio registration HBJ9663) to the Circle K gas station at 8303 Sancus Boulevard in Westerville, Ohio where the addicts were observed getting ready to prepare the heroin for use. HSI Columbus and the DCDTF approached the addicts along with several marked police cruisers resulting in the discovery and seizure of approximately three (3) grams of heroin from the occupants. An interview with the occupants revealed they just purchased the heroin from an unknown Hispanic male in a silver Honda in the parking lot of an apartment complex, matching what was observed during surveillance. The addicts provided the phone number (614-787-9106) they call to order the heroin, which matched the **Target Cell Phone**. Further investigation into the unknown Hispanic male in the silver 2009 Honda Civic (Ohio temporary registration F144578) who delivered the heroin to the addicts revealed he was linked to this DTO.

8. HSI Columbus and the DCDTF have been attempting to identify other members of this DTO as well as locate where they have been living. Physical surveillance has placed various members of this DTO at multiple different locations. Based on my training and experience, cellular telephones can be used to track the current location of suspects, fugitives, witnesses, and/or victims of crimes. Based on this information, there is probable cause to believe the information sought in this application for 30 days will assist in the location and/or identification of additional members of this DTO.

9. In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

10. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the

location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available.

11. Based on my training and experience, I know that AT&T can collect cell-site data about the **Target Cell Phone.**

## AUTHORIZATION REQUEST

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and

5

technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Robert Kukovec
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on __Dec. 6_____, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## Property to Be Searched

1. The cellular telephone assigned call number 614-787-9106 (the "**Target Cell Phone**"), whose wireless service provider is AT&T, a company headquartered in Dallas, Texas.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of AT&T including information about the location of the cellular telephone if it is subsequently assigned a different call number.

# ATTACHMENT B

## Particular Things to be Seized

All information about the location of the **Target Cell Phone** described in Attachment A for a period of 30 days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T, AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Cell Phone** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).